LOTTIE R. RUSSELL, appellant,

*v.*

BENJAMIN RUSSELL et al., respondents.

[Filed August 23d, 1901.]

1. A written antenuptial agreement, complete in all its parts, cannot be added to or varied by parol.

2. A party to a contract cannot rescind it on the ground of fraud and, at the same time, retain a benefit from its partial execution by his co-contractor.

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *15 Dick. Ch. Rep. 282.*

*Mr. Richard V. Lindabury,* for the appellant.

*Mr. David J. Pancoast,* for the respondents.

The opinion of the court was delivered by

GUMMERE, J.

On the 22d day of November, 1892, the appellant, in contemplation and consideration of marriage with one John Russell, entered into a written antenuptial agreement with him, wherein and whereby she agreed to accept at his death $5,000 in lieu of all other claims against his estate. Shortly after the execution of this agreement the parties thereto were married. At that time the appellant was about fifty years of age and Russell was about seventy-five. The latter died on the 20th of July, 1897, leaving a last will and testament, in and by which he left to the trustee named in the antenuptial agreement, for the benefit of his wife, the $5,000 provided for in that instrument, and also ten shares of bank stock, which were worth a little over $1,000.

Russell *v.* Russell.

The object of the bill of complaint in this case is to have engrafted upon, and made a part of, the written agreement a parol contract, which materially alters and varies the terms of the writing, or, in the alternative, to have the parol contract enforced as an additional agreement between the parties, collateral to the written one.    This alleged parol contract was, in brief, a promise, made by the deceased husband at the time of the execution of the written antenuptial agreement, that, if his wife would sign the writing, he would make a liberal provision for her by his will; and the allegation of the bill is that the testamentary provision made for her by the testator is anything but liberal, in view of the amount of the estate left by him, which exceeded $200,000 in value.

Realizing the difficulty of enforcing this parol contract, in view of the fact that it was made at the same time as, and materially alters the terms of, a written instrument complete in itself, the appellant further seeks, if relief by the enforcement of the parol contract is denied her, to have the written agreement set aside and declared null and void, on the ground that she was induced to execute the same through the fraud of her husband in concealing from her the value of his estate.

We concur in the view expressed by the vice-chancellor that the parol contract cannot be enforced by the appellant, because the statute of frauds provides that all agreements in consideration of marriage shall be in writing; and, further, because of that settled rule of law which prohibits the altering or varying of a written instrument by parol.

Having concluded that the parol contract could not be enforced by the appellant, the learned vice-chancellor considered the question whether she was entitled to have the antenuptial agreement set aside for fraud on the part of her husband in concealing the amount of his estate from her, and determined that no such fraud had been proved.    His consideration of this portion of the case embraces an interesting discussion of the extent to which the intended husband is required to disclose to his prospective wife the nature and value of his property, personal as well as real, when they are about to enter into an ante-

nuptial agreement whereby she releases all claim to his estate other than what the agreement gives her.

The conclusion which we have reached upon this branch of the case, however, makes it unnecessary to consider whether the proofs justify the charge of fraud made by the appellant against her husband; or to assent to, or dissent from, the view expressed by the vice-chancellor as to the extent of the duty of the intended husband, in making disclosure of the amount and value of his estate, when entering into an antenuptial agreement with his future wife. As has been already stated, the appellant's husband, by his will, devised to the trustee named in the marriage settlement, and for her benefit, the sum of $5,000 provided in that instrument. Of that amount it was proved that the trustee has paid over to the appellant $500. This $500 she accepted from him, and still retains. It is entirely settled that a party to a contract cannot, at one and the same time, repudiate it and retain a benefit from its partial execution. In order to entitle him to rescind he must first restore what he has received under the contract, and thus put the other party to the agreement in his original position. *Trenton Passenger Railway Co. v. Wilson, 11 Dick. Ch. Rep. 783; Byard v. Holmes, 4 Vr. 119; Behring v. Somerville, 34 Vr. 572.*

This the appellant has not done, and consequently does not stand in a position which entitles her to an annulment of the contract, even if it be true, as she alleges, that she was induced to enter into it by fraud on the part of her husband.

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM—13.

*For reversal*—None.