SIMMONS WATKINS et al.

*v.*

JULIA E. WATKINS et al.

[Submitted October 31st, 1913.   Determined December 26th, 1913.]

1. A parol antenuptial agreement to make a settlement in consideration of marriage is within the statute of frauds, and marriage alone is not such part performance thereof as will save it from the operation of the statute so as to make it enforceable in equity.

2. The jurisdiction of equity to aid the defective execution of powers will only be extended to supply the formal defects in transactions between private parties, and not to supply omissions of statutory requirements.

3. Where a defectively executed will does not refer to a parol antenuptial contract, by which testator agreed to leave his entire estate to his wife, the will cannot be considered as a written recognition of such contract.

On bill for partition.   Heard on demurrer to cross-bill of defendant Ella Beatrice Watkins.

The cross-bill of defendant Ella Beatrice Watkins, which has been filed by her in defence of a bill for partition, sets forth, in substance, that she is the equitable owner of the real estate which the bill seeks to have partitioned, by reason of a parol antenuptial agreement which was made between her and her husband, whereby it was agreed that in consideration of her marrying him he would leave his entire estate to her by will at his death; that the real estate described in the bill was owned by her husband at the time of the marriage and the legal title remained in him until his death; that after her marriage her husband attempted to carry out and fulfill his part of the agreement and for that purpose in his own handwriting wrote what purported to be his will and signed it before a subscribing witness, and therein devised and bequeathed his entire estate to cross-complainant; that the will failed in law because not executed

in accordance with our statute; that the will was an attempted performance by her husband of the parol antenuptial agreement and in equity conferred upon cross-complainant the title to the real estate sought to be partitioned.

The heirs-at-law of cross-complainant's husband, as owners of the legal title, have demurred to the cross-bill and have set up the statute of frauds as a bar to the claim made by the cross-bill.

*Mr. William C. Jones,* for the defendant and the cross-complainant Ella Beatrice Watkins.

*Messrs. Olt & Carr,* for the demurrant.

LEAMING, V. C.

An antenuptial parol agreement to make a settlement in consideration of marriage cannot be made the foundation of an action by reason of the provisions of our statute of frauds. Nor is marriage alone such a part performance of an antenuptial parol contract as will withdraw the contract from the operation of that statute and thereby render it enforceable in equity. This must be regarded as the settled law of this state, whether rights of creditors are involved or not. *Manning* v. *Riley, 52 N. J. Eq. (7 Dick.) 39; Russel* v. *Russel, 60 N. J. Eq. (15 Dick.) 282; S. C. on appeal, 63 N. J. Eq. (18 Dick.) 282; Pennsylvania Railroad Co.* v. *Warren, 69 N. J. Eq. (3 Robb.) 706.*

*Cowdrey* v. *Cowdrey, 71 N. J. Eq. (1 Buch.) 353,* is relied on in support of the cross-bill. In *Cowdrey* v. *Cowdrey* the recognized equitable jurisdiction to aid the defective execution of powers and defective surrenders of copyholds was by analogy applied or extended in aid of a conveyance which was complete in all its essential parts except a seal; the instrument had been executed and delivered to the wife in fulfillment of an antenuptial parol contract. Upon that authority this court is now asked to give vitality to the provisions of an instrument which fails as a will because it has not been executed in conformity to the requirements of our statute. The infirmity of the instrument here in question is not of mere form; it is of substance.

In prescribing the manner in which a will must be executed our statute declares the essential elements of a will; in the absence of these essential elements the instrument is not a will. The jurisdiction of a court of equity to aid the defective execution of powers has never been extended to supply more than formal defects as distinguished from defects of substance, and has been uniformly limited in its application to requirements created by private parties; defects arising from the omissions of statutory requirements have never been regarded as falling within that jurisdiction, for courts of equity cannot dispense with regulations prescribed by statute. *2 Pom. Eq. Jur.* §§ *589, 590, 834; 1 Story Eq. Jur. (13th ed.) 101* § *96.* I find no authority which justifies the exercise of the branch of equity jurisdiction here invoked in aid of the provisions of a will or other instrument which has not been executed in accordance with the positive requirements of a statute. After the enactment of the statute of *1 Vict. c. 26* § *10,* prescribing the necessary ceremonies for the execution of wills, the court of chancery of England no longer assumed to aid the defective execution of powers by wills which had not been executed in conformity to the requirements of that statute. *2 Sugd. Pow. 126.*

Nor can the intended will be regarded as such a written recognition of the parol antenuptial contract as will enable this court to enforce that contract; the writing contains no reference to the contract and its terms cannot be enlarged or changed by parol. *Schenck* v. *Spring Lake Beach Improvement Co., 47 N. J. Eq. (2 Dick.) 44.*

In *Cowdrey* v. *Cowdrey, supra,* reference is made to the case of *Caton* v. *Caton (1865), L. R. 1 Ch. App. 137.* As that case bears some resemblance to the present case it may be well to here note that after being overruled on appeal by the lord-chancellor, it is appealed to the house of lords and the opinion of the lord-chancellor was there unanimously affirmed. *Caton* v. *Caton, L. R. 2 Eng. & Ir. App. Cas. 127.*

I am obliged to advise an order sustaining the demurrer to the cross-bill.