In the matter of the probate of the will of GEORGE H. DODGE, deceased.

[Decided September 27th, 1918.]

Notwithstanding that a will executed by a person domciled elsewhere at the time of his death, at a time when he was domiciled here with the formalities necessary under the laws of this state, but not with those required under the laws of the place of domicile at the time of death and which will cannot be probated at the place of domicile, may be a valid disposition of immovables within this state, it cannot be probated by the ordinary under the rule laid down in *Chadwick's Case, 80 N. J. Eq. 471.*

On application for probate.

*Messrs. Pitney, Hardin & Skinner,* for the probate.

LANE, VICE-ORDINARY.

The application is to probate a will of a deceased who, at the time of his death, was and had been for twenty years domiciled in Georgia. Prior to his removal to Georgia, the deceased had been domiciled in this state and his will was executed here while he was so domiciled. He left real property within this jurisdiction. The will was executed with the formalities necessary under the laws of this state, but not those required under the laws of Georgia. Application has been made to the Georgia probate court for probate and probate has been denied.

Counsel insist that the will having been executed in accordance with the *lex rei sitæ* and with the *lex loci actus,* it is a valid testamentary disposition of immovable property within this state, and they rely upon *1 Story Confl. L.* § *474,* and subsequent sections. *40 Cyc. tit. "Wills" 1074; Nelson v. Potter, 50 N. J. Law 324; Van Wickle v. Van Wickle, 59 N. J. Eq. 317; Jones v. Habersham, 107 U. S. 174; 27 L. Ed. 401; Robertson v. Pickrell, 109 U. S. 608; 27 L. Ed. 1049.*

Whatever the fact may be this court is precluded by the broad language of the court of errors and appeals used in *Chadwick's*

*Case, 80 N. J. Eq. 471,* from granting probate. That court said: "The plain common sense meaning to be given to the act is that the ordinary was limited to the probating of wills of those domiciled within the state, which was the limit of his jurisdiction." And the court affirmed the decree of the vice-ordinary denying probate upon the ground that neither the prerogative court nor the surrogate of any of the counties of this state have general jurisdiction to admit to probate the last will and testament of a non-resident having a domicile at the date of his death in another state, although such non-resident left property within this state except as ancillary to a probate by the courts of the locality of such domicile. The present ordinary (*In re Geiser's Will, 82 N. J. Eq. 311*) said: "The power of this court to admit to probate the will in question must rest exclusively upon the deceased having been domiciled in this state at the time of her death; and if she were not, probate must be denied."

The result is that until there is additional legislation, there is no way by which a permanent record can be made of a will of a non-resident not entitled to probate at the place of domicile, but valid, if in fact it be, for the purpose of passing real property in this state.

Probate must be denied.