In this suit complainant, a wife, has filed a bill in equity against defendant, her husband, to recover possession of certain real estate owned by her. The husband has answered *Page 11 
and also has filed a counter-claim against his wife in which he seeks specific performance of an antenuptial parol agreement. Complainant has moved to strike out this counter-claim on the ground, among others, that its averments are within the inhibition of our statute of frauds relating to contracts "made upon consideration of marriage."
I am convinced that this motion must be sustained.
The rule in equity that part performance may remove a parol contract from the operation of the statute of frauds does not extend to antenuptial parol agreements made in consideration of marriage. Manning v. Riley, 52 N.J. Eq. 39; Watkins v.Watkins, 82 N.J. Eq. 483; affirmed, 85 N.J. Eq. 217. The act of marriage is not regarded as part performance in that class of cases; indeed, it has been stated by our court of errors and appeals that the equitable doctrine that part performance will remove the inhibition of the statute of frauds applies only to contracts relating to lands, and does not extend to contracts relating to other matters. McElroy v. Ludlum, 32 N.J. Eq. 828,832.
Fraud, alone, will deny the intervention of the statute Equity at all times will lend its aid to defeat a fraud, notwithstanding the statute of frauds. But the fraud against which equity will relieve in this class of cases, notwithstanding the statute, is not the mere moral wrong of repudiating a contract actually entered into, which, by reason of the statute, a party is not bound to perform for want of its being in writing. Bro. Stat.Fr. § 439; Manning v. Riley, supra. The fraud must be inherent in the transaction, such as a false representation that a contemplated written agreement has been executed pursuant to the parol agreement, or other similar artifices. The authorities do not appear to support the dictum of Mr. Justice Wells, inGlass v. Hulbert, 102 Mass. 24, as contained on page 39 of the reported case, to the effect that the assurance that a settlement would be executed, will remove the case from the bar of the statute. 2 Story Eq. Jur. (13th ed.) § 768;Montacute v. Maxwell, 1 P. Wms. 618; S.C., Pr. Ch. 526; Eq.Cas. Abr. 19. In the counter-claim here presented no written agreement or *Page 12 
settlement was contemplated by the parties and no fraud appears.
It is urged in support of the counter-claim that it discloses an antenuptial parol agreement made in contemplation of marriage, as distinguished from an antenuptial agreement made in consideration of marriage.
Adjudications are to be found in which certain antenuptial parol agreements which, though made in expectation or contemplation of marriage, have been enforced on the theory that adequate consideration for their support has been found to exist independently of the contemplated marriage; in such cases the contemplated marriage has been regarded as a mere incident of, and not the consideration of, the agreements. Other adjudications are to be found which specifically repudiate that view.
The several cases adopting the view suggested by counter-claimant appear almost uniformly to arise in agreements of mutual release. Thus, in Remington v. Remington (SupremeCourt of California), 193 Pac. Rep. 550, the parties by parol agreed each to release all claim to the other's property. After marriage the formal agreements of mutual release were executed. The claim was made that since the parol agreement was void no consideration existed for the written agreements. The parol agreement was held to have been in contemplation of marriage but not in consideration of marriage, since neither party was to receive anything by the marriage; it was there said that "contracts in consideration of marriage provide for the moving of some benefit to one of the parties as an inducement for marrying." In Steen v. Kirkpatrick, 84 Miss. 63, the parties by parol agreed before marriage that each should enjoy only a life estate in the other's property. It was held that the consideration was the mutual releases and not marriage, and hence the contract was merely in contemplation of marriage, since no benefits were to accrue to either by the marriage. Rainbolt v.East, 56 Ind. 538, was also a case of agreement for mutual release. The antenuptial parol agreement was there held to be in consideration of mutual relinquishment and not in *Page 13 
consideration of marriage. But as real estate was included in the contract it was held non-severable and unenforceable under the statute. Larsen v. Johnson, 78 Wis. 300, is also a case in which there was held to be an adequate valuable consideration, with a contemplated marriage as a mere incident. There the husband, before marriage, agreed to perform definite service, including the payment of certain indebtedness of the wife, in consideration of a conveyance to him of certain real estate of the wife. After marriage the service was performed and the debts paid and a conveyance made to the husband pursuant to the antenuptial agreement. In Riley v. Riley, 25 Conn. 154,
intestate borrowed money on notes from a lady who seven years later became his wife. In an interview shortly before marriage he promised her that if she would not enforce the notes, they should remain good and collectible against his estate. It was held that this promise was made in expectation or contemplation of marriage, but in consideration of forbearance to collect the notes, and not in consideration of marriage. The view is there adopted that since no benefit was to accrue to either in the event of marriage, it was not possible to consider the marriage as a consideration of the promise.
In a recent case in Washington the prior decisions of the class above named are reviewed and condemned. Koontz v. Koontz,83 Wn. 180. There the parol agreement was the mutual engagement that neither should share interest in the estate of the other at the other's death. The claim was made that the consideration was the mutual release, and not marriage. In the reported opinion (atp. 185) it is said: "It is idle to say that the promise of each is made in consideration of the promise of the other. But for the marriage, neither had any right or interest, present or prospective, in the property of the other to relinquish when the promise was made, and neither relinquished or agreed to relinquish to the other any right in his or her own property in any event. The mutual promise related to the property status to be created by the marriage, and which would have no existence but for the marriage. But for the marriage *Page 14 
there would be neither subject-matter, actual or potential, nor consideration, present or future, for either promise." Mallory'sAdm'rs v. Mallory's Adm'rs, 92 Ky. 316, is another case of mutual agreement to release claims against the other's property. Held to be within the statute, since the real consideration for the contract was the agreement to marry. Henry v. Henry,27 Ohio St. 121, was another case of mutual agreement to release. It was there held that the real consideration was marriage, and could not be severed. In Dienst v. Dienst, 175 Mich. 724, the husband gave up his business prospects to marry. It was there held that the consideration of the wife's promise was marriage and not the giving up of the husband's business.
Certain English cases are to be found in which parol agreements in consideration of marriage have been enforced under what is known as the "doctrine of representations." In Reed Stat. Fr.
it is stated that cases of that nature do not apparently extend to representations made by the husband or wife to the other, but are confined to representations made by others, such as parents or guardians. 1 Reed Stat. Fr. § 177 (at p. 289).
I find nothing in the agreement set forth in the counter-claim, against which this motion is directed, to remove it from the operation of our statute. It was a parole agreement upon the part of defendant, now the wife, that if counter-claimant, her present husband, would marry her at an early date she would, after marriage, apply her income and property to the personal expenses of herself and her husband. It was a parol promise made by her in consideration of marriage; a promise made to induce counter-claimant to marry her. The circumstance that counter-claimant, by the marriage, may have sacrificed his business prospects or suffered other detriments, renders the contract no less one made by defendant in consideration of marriage. Since her promise was made solely in consideration of marriage no element of consideration based upon detriment suffered by him can change that plain fact. It is that fact that renders her promise unenforceable. Nor is the fact that for some *Page 15 
years the wife has applied her income to the joint support of herself and her husband to be regarded as a part performance operative on the statute. When part performance can be considered, it is only part performance on the part of the party seeking performance that in any case can be considered as invoking equitable considerations. Russel v. Russel 60 N.J. Eq. 282,287, 288; affirmed, 63 N.J. Eq. 282. But, as already stated, in this class of cases marriage cannot be considered as part performance. Manning v. Riley, supra.
The counter-claim contains excerpts from letters passing between counter-claimant and defendant before their marriage, leading up to the final agreement; but the agreement as finally made is specifically declared in the counter-claim to have been a parol agreement. That agreement is set forth in paragraph 17 of the counter-claim as follows: "Defendant [counter-claimant] avers the proposed financial arrangement in its final form, while general in its terms as to both income and property, was unlimited both as to time and amount, yet was clear and definite as to its terms. The offer was orally made, and was that complainant [defendant in the counter-claim] was willing to use them for the personal expenses of herself and defendant [counter-claimant], should they marry." Again, in paragraph 27 of the counter-claim, the agreement here sought to be enforced is referred to as a "parol antenuptial agreement between her and defendant."
Specific objections are also made to various paragraphs of the counter-claim. These need not be considered. The objections to the entire counter-claim will be sustained for the reasons herein stated *Page 16