UNION COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF HERMAN
BLANCHARD WINTER, DECEASED.

Decided May 16, 1946.

Proctor for proponents of the last will and testament of Herman Blanchard Winter, *G. Bartram Woodruff.*

Proctor for the Young Women's Christian Association, *Richard G. Moser.*

Proctors for the Presbyterian Hospital in the City of New York, *Hopkins, Vorburger & Dickson.*

Proctor for Eleanor Lee Winter, *Raymond T. Parrot.*

McGRATH, J.  Herman Blanchard Winter formerly lived in Plainfield, New Jersey, Union County, and while a resident of this state he executed a will dated January 11th, 1926, in due form to pass title to real estate situate in this state. At the time of the execution of the will, he was unmarried, but later he married Eleanor Lee Winter. He went to Arizona and died there on December 7th, 1944, while he was domiciled in that state. His widow is also of that state and his mother is a resident of this county. He had no children, brothers or sisters. This New Jersey will has not been admitted to probate, as yet, and no proceedings to probate are pending in Arizona. The relevant facts in this case have been admitted by stipulation.

There is nothing wrong with the New Jersey will considered as a will under the laws of this state and if the testator had been a resident of this state at the time of his death, there would be no vice in the will itself to prevent probate.

However, on November 18th, 1934, the testator made a holographic will in which he attempted to dispose of all his estate, real and personal. This instrument also recited: "I hereby revoke all wills and testamentary instruments by me

at any time heretofore made." This Arizona instrument was not witnessed, but being holographic was duly executed under the laws of Arizona and has been admitted to probate in that state. It is not executed according to our laws. There is a statute in Arizona affecting wills of married persons.

In 1921, the legislature of New Jersey passed an act permitting the probate of wills of non-residents on certain conditions. One condition is that the non-resident shall die "seized of real estate situate in this state leaving a last will and testament executed in due form to pass title to real estate situate in this state." *R. S.* 3:2–41 to 3:2–43, inclusive; *N. J. S. A.* 3:2–41 to 3:2–43, inclusive.

Two questions, therefore, arise. First: Have the Arizona will or Arizona statutes any effect on the previous testamentary disposition of real estate in New Jersey under the New Jersey will? Second: If the New Jersey will has not been revoked, does it come within the provisions of the above New Jersey statute permitting probate of wills of non-residents? It is admitted that the testator died seized of real estate in Union County at the time of his death.

It is true that a later inconsistent will revokes a former will, but the later will must be executed according to our statutes on revocation, therefore, the attempted revocation in the Arizona will, either implied or express, cannot affect New Jersey real estate. *Boylan* v. *Meeker,* 28 *N. J. L.* 274; *Nelson* v. *Potter,* 50 *Id.* 324; 15 *Atl. Rep.* 375; *Lindley* v. *O'Reilly,* 50 *N. J. L.* 636; 15 *Atl. Rep.* 379; *Watkins* v. *Watkins,* 82 *N. J. Eq.* 483; 89 *Atl. Rep.* 253; *affirmed,* 85 *N. J. Eq.* 217; 95 *Atl. Rep.* 1079. The inconsistency must be a legal inconsistency and the attempted revocation in Arizona is a legal nullity as to New Jersey real estate.

There is no principle of interstate comity which can affect the disposition of New Jersey real estate, either by wills not according to our laws, *In re Fischer,* 119 *N. J. Eq.* 217; 181 *Atl. Rep.* 875, or by foreign statutes, *Lindley* v. *O'Reilly, supra.* "A devise of land in New Jersey under a will of a non-resident must be determined by the law of New Jersey." *Van Wickle* v. *Van Wickle,* 59 *N. J. Eq.* 317; 44 *Atl. Rep.* 877.

Since the New Jersey will is the only legal will affecting real estate in this state, and is unrevoked as such, it follows that it is the only last will of real estate which this state will recognize and thus is within the terms of the statute.

No reason appears why the New Jersey will should not be probated here. The observations of the court in the *Chadwick Case*, 80 *N. J. Eq.* 471; 85 *Atl. Rep.* 266, are not in point since the statute which was passed after these observations were made has now laid down the policy of this state on the subject. *In re Fischer, supra.* This policy creates no injustice or conflict of law as to real estate since each state has control of its real estate, and Arizona has no interest in the construction of a New Jersey statute on matters within the jurisdiction of New Jersey.

It must be presumed that the legislature had in mind the general law of wills and our statutes on revocation of wills as well as the principles of law affecting the testamentary disposition of real estate. Clearly, the New Jersey will is a last will affecting New Jersey real estate, for a last will must necessarily be a will duly executed under our laws which has not been revoked according to our statute.

The argument of the opponents of probate may be reduced to a claim that the word "last" in this statute permitting probate of non-residents' wills, means "last" in point of time. In other words, they would have the statute impose two conditions: that the will be last in point of time, and that it should affect real estate. The statute does not say this and cannot be read that way. If the conditions were that the will be last in point of time, then if there could be found in one of the forty-seven other states or in any foreign country a "will," however ineffective under the laws of New Jersey, but last in point of time, this would bar a legally executed last will of real estate in New Jersey from probate here, although it stood unrevoked. The whole emphasis would be placed on time of execution rather than on proper execution under our laws. There is, of course, no reason for such a construction. The statute is not concerned with any last will, but only with a last will duly executed under our laws, otherwise it would not be a last will of New Jersey real estate. We cannot ignore

our statute on revocation, nor the obvious purpose of the present statute to supply jurisdiction to the courts to probate valid dispositions of New Jersey real estate, despite the fact that the testator did not reside in New Jersey at the time of his death.

The fact that the Arizona will has been probated in Arizona does not affect the New Jersey will since one of the conditions of the statute (*R. S.* 3:2–41; *N. J. S. A.* 3:2–41) is that the New Jersey will shall not have been probated elsewhere. The legislature can provide for probate of a last will of New Jersey real estate even though such a will would be invalid at the place of domicile (*In re Dodge's Will,* 89 *N. J. Eq.* 525; 104 *Atl. Rep.* 646, decided in 1918 before the passage of the statute). These two wills are creatures of state law and owe their validity to the laws of each state so far as each state will recognize them. There is no legal principle to prevent both states from recognizing a testator's intentions so far as he has legally expressed them according to the respective laws of each state concerned, as long as each state keeps within its jurisdiction and within the principle of interstate comity so far as it goes. See *Nelson* v. *Potter, supra; Smith* v. *McChesney,* 15 *N. J. Eq.* 359, 362, and *In re Fischer's Will, supra.*

I find that the will of Herman Blanchard Winter, executed January 11th, 1926, is his last will and testament executed in due form to pass title to real estate situate in this state; that decedent died seized of real estate in this state and the said will has not been probated in any other state or country nor offered for probate, and that no proceedings for probate are pending in any other state or country. The will shall, therefore, be admitted to probate.

During the hearing, a copy of an agreement between the mother and the widow of the testator was offered in evidence subject to objection and exception. This agreement is incompetent and irrelevant on this issue. I have not regarded it as evidential, and it has not influenced me in any way in arriving at my conclusions as to the correct interpretation of the statute.