This is an appeal from the Chancery Division of the Superior Court. An action was originally instituted by Henry A. Kaplan, executor of the estate of Israel Kaplan, deceased, against Bayla Kaplan, widow of said Israel Kaplan, seeking specific performance of a written ante-nuptial agreement. Defendant's answer denied the making of the agreement, alleged that the sum of $1,000 received by her was a wedding gift rather than consideration for a waiver of dower and distributive rights, and that she was fraudulently induced to sign the agreement, and by way of counterclaim charged the making of a prior oral agreement whereby her late husband had represented that she "will have sufficient funds with which to support and maintain herself for the rest of her life" following his decease. She sought judgment for such sum as might be determined necessary for her support and for the value of her dower and, although the pretrial stipulation set forth that the sole issue was "specific performance of an ante-nuptial agreement," defendant now apparently seeks reformation of the written agreement and the imposition of a trust upon the estate to insure her support for life. The trial court entered judgment enforcing the written ante-nuptial agreement and dismissing the counterclaim.
The essential facts may be briefly summarized. Plaintiff's decedent, Israel Kaplan, a widower seventy-one years of age, and Bayla Levine, a widow sixty-six years of age, solemnized their marriage on December 30, 1944. Prior to the wedding, and on the same day, the parties entered into a written an-tenuptial agreement, by the terms of which defendant expressly agreed to accept the sum of $1,000 in lieu of dower and in lieu of her distributive share of the personal property of said Israel Kaplan, the money to be paid not later than three days after the marriage. The check was delivered on January 2, 1945, and deposited by defendant in her personal bank account. The parties lived together until Israel Kaplan died on June 12, 1948, leaving an estate of $26,000, consisting of two parcels of real estate valued at $7,500, and personalty *Page 557 
accumulated during his lifetime worth approximately $18,500, and the third paragraph of his duly probated will, dated October 30, 1946, provided:
"My wife, Baila, has been provided for by way of an ante-nuptial contract entered into before our marriage, and the said provisions which I have made for my wife are in lieu of dower and bar of any claim of dower or widows right or other interest, statutory or otherwise in my estate."
Defendant, Bayla Kaplan, contends that she was fraudulently induced to sign the agreement and that, in fact, prior thereto, on December 25, 1944, an oral agreement was entered into which provided that she "will have sufficient funds with which to support and maintain herself for the rest of her life." She received from her husband the sum of $20 each week until the date of his death and apparently her theory is that she should continue to receive this amount for life.
There is, we think, no evidence of fraud. While it appears that defendant is illiterate and unable to read the English language, plaintiff's decedent tendered the agreement for execution in the presence of Mrs. Kaplan's daughter-in-law, and her own son was called by her to witness her signature. Her present contention that the $1,000 was a wedding gift, rather than the payment stipulated in the written agreement, is hardly worthy of credence, in view of the surrounding circumstances and the fact that payment was made two days after the marriage had been solemnized. Defendant admits that plaintiff disclosed his real estate holdings prior to the execution of the agreement, and as the personalty was subject to his sole right of disposal in any event, we conclude that the evidence fails to establish fraud and the trial court was clearly justified in so finding.
The evidence produced by defendant seeking to establish an oral agreement, as set forth in the counterclaim, that "she will have sufficient funds with which to support herself for the rest of her life" is wholly unconvincing on the merits, and merely appears to be an obvious attempt to violate that settled rule of law which prohibits the altering or varying of *Page 558 
a written instrument by parol. All of the testimony indicates nothing more than a vague and uncertain statement — there was no inflexible agreement fixing the liability of the parties, and defendant, therefore, actually seeks to have the court make the agreement and determine its provisions, rather than enforce the terms of an existent contract. This we cannot do. The prior will of Israel Kaplan, containing a provision that:
"My wife Baila has been provided for by way of an antenuptial contract, and certain other provisions which I contemplateduring my lifetime, entered into before our marriage, and the said provisions which I have made for my wife are in lieu of dower * * * etc."
has little probative value, for its very language refers to a future act or intention. Bayla Kaplan acquired by marriage only an inchoate right of dower, and no interest in her husband's personalty, and if the written ante-nuptial agreement were set aside, it would avail her nothing, for Israel Kaplan's will would stand as a disposition of his personal estate and he, of course, always had power to dispose of that as he chose. The value of defendant's dower right, incidentally, was less than the $1,000 payment set forth in the ante-nuptial agreement. Entirely aside from the barrier interposed by the statutory provision that all agreements in consideration of marriage shall be in writing, the evidence fails to establish defendant's counterclaim.
Russell v. Russell, 60 N.J. Eq. 282, affirmed by a unanimous court in 63 N.J. Eq. 282 (E. A. 1901), seems to be dispositive of the issues, and our conclusion is that the judgment under appeal should be affirmed. *Page 559